**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**NEWNAN DIVISION**

| | | |
|---|---|---|
| **FLOYD JACKSON,** | : | |
| | : | |
| **Plaintiff** | : | **CIVIL ACTION FILE** |
| | : | **NO. 3:09-CV-76-JTC** |
| **v.** | : | |
| | : | |
| **COWETA COUNTY, GEORGIA,** | : | |
| **And** | : | |
| **MIKE YEAGER IN HIS OFFICIAL** | : | |
| **CAPACITY AS SHERIFF OF** | : | |
| **COWETA COUNTY, GEORGIA** | : | |
| | : | |
| | : | |
| **Defendant** | : | |

## BRIEF IN SUPPORT OF MOTION FOR RECONSIDERATION

COMES NOW Coweta County, Georgia, ("Coweta County") and Mike Yeager in his official capacity as Sheriff of Coweta County, Georgia ("Sheriff Yeager")(collectively "Defendants"), Defendants in the above-styled civil action, and file this their Brief in Support of Motion for Reconsideration, respectfully showing the Court as follows:

## I.    INTRODUCTION

In their Motion to Dismiss, Defendants set forth two arguments: 1) that both Coweta County and Sheriff Yeager should be dismissed due to lack of proper service; and 2) that in addition, Coweta County should be dismissed due to

1

Plaintiff's failure to file a charge of discrimination against Coweta County with the Equal Employment Opportunity Commission (the "EEOC"), which is a necessary prerequisite to filing a lawsuit under the Americans with Disabilities Act ("ADA"). The Court denied Defendants' motion in its entirety, stating that Plaintiff's amended complaint supersedes his original complaint and therefore Defendants' motion is moot.

Defendants apologize that they failed to clearly differentiate their two separate and distinct arguments for the Court. However, Defendants respectfully submit that the issue of Plaintiff's failure to file an EEOC charge of discrimination against Coweta County cannot be found moot due to Plaintiff's amended complaint superseding his original complaint.

While Defendants accept the Court's ruling on their service of process argument, they respectfully request that the Court reconsider Plaintiff's failure to file an EEOC charge of discrimination against Coweta County as grounds for dismissing Coweta County as a defendant in this lawsuit. As set forth more fully bellow, Plaintiff's failure to file an EEOC charge of discrimination against Coweta County prohibits him from now bringing suit against Coweta County under the ADA.

## II.   ARGUMENT AND CITATION OF AUTHORITY

**A.   Coweta County Should Be Dismissed as a Defendant Because Plaintiff Failed to File a Charge of Discrimination Against Coweta County and is Now Prohibited From Bringing Action Against Coweta County in This Court.**

Filing a charge of discrimination with the EEOC is a necessary prerequisite to filing a civil lawsuit under the ADA.  See 42 U.S.C. §2000e-5(e); 42 U.S.C. §12117(a).   The Eleventh Circuit has long recognized the principle that "[o]rdinarily, a party not named in the EEOC charge cannot be sued in a subsequent civil action."  Virgo v. Riviera Beach Associates, Ltd., 30 F.3d 1350, 1358 (11th Cir. 1994); see also Gordon v. MCG Health, Inc., 301 F.Supp. 2d 1333 (11th Cir. 2003); Williams v. Lowndes County, 2006 U.S. Dist. LEXIS 58887 (11th Cir. 2006).  The Virgo court stated that the purpose of filing an EEOC charge of discrimination is that it "serves to notify the charged party of the allegations and allows the party an opportunity to participate in conciliation and voluntarily comply with the requirements of Title VII."  Id.

While ordinarily a party not named in the EEOC charge of discrimination cannot be sued in a subsequent civil action, in some cases courts have allowed a plaintiff to maintain a civil suit under these circumstances.  See Virgo, 30 F.3d 1350 (Unnamed Riviera Beach was a closely related entity since it is the sole owner of named party Sheraton Ocean Inn and should have received notice of

EEOC charge.); <u>Gordon</u>, 301 F.Supp. 2d 1333 (Unnamed MCGHI found closely related because it operated the hospital owned by named party MCG/BOR and because it provided numerous documents to MCG/BOR regarding EEOC charge); <u>McCulley v. Allstates Tech. Servs.</u>, 2005 U.S. Dist. LEXIS 41550 (11th Cir. 2005) (Unnamed BE&K, Inc., parent company of named party BE&K Engineering, found to be closely related because it participated in EEOC conciliation/mediation process with Plaintiff.). However, the majority of these cases found that the plaintiff previously filed a charge of discrimination against a party that was closely related to the "unnamed" defendant. <u>Virgo</u>, 30 F.3d 1359. The courts reasoned that a closely related unnamed defendant would have either received or should have received notice of the plaintiff's EEOC charge of discrimination against the closely related named party. <u>Id.</u> Therefore, the purpose of the EEOC charge of discrimination was fulfilled even though the plaintiff never filed an EEOC charge of discrimination against the unnamed party. <u>Id.</u>

In <u>Brandon v. Lockheed Martin Aeronautical Sys.</u>, 393 F.Supp. 2d 1341 (11th Cir. 2007), the plaintiff filed an EEOC charge of discrimination against Lockheed alleging discrimination based upon a claimed disability. "Local 709 was not named as a party to that charge of discrimination, was not sent notice of the charge, and did not participate in the investigation of that charge." <u>Id.</u> at 1350. In

a subsequent civil suit based on his alleged discrimination, the plaintiff named both Lockheed and Local 709 as defendants. The <u>Brandon</u> court found that summary judgment should be granted in favor of Local 709. <u>Id.</u> at 1361. Specifically, the <u>Brandon</u> court held that "summary judgment should be entered against plaintiff…for his failure to name Local 709 in a charge." <u>Id.</u>

In the case at bar, Plaintiff did not file a charge of discrimination with the EEOC against Coweta County and failed to name Coweta County in the charge of discrimination he filed against the Coweta County Sheriff's Office (the "Charge"). A copy of the Charge is attached hereto as Exhibit "A". In fact, Plaintiff did not even mention Coweta County <u>at all</u> in the Charge. Just as in <u>Brandon</u>, Coweta County did not receive notice of the Charge and did not participate in the investigation of the Charge. Since Plaintiff did not file a charge of discrimination against Coweta County and did not name Coweta County in the Charge, Coweta County also did not have the opportunity to participate in any conciliation or mediation with Plaintiff.

In the cases which allowed a plaintiff to bring civil suit against a party not named in the EEOC charge of discrimination, the unnamed party was closely related to the party that was actually named in the charge of discrimination. In this case, however, Coweta County is not closely related to the Coweta County

Sheriff's Office. Sheriff Yeager is an elected official and alone has the discretion to appoint and discharge Coweta County Sheriff's Deputies, independent from any influence by Coweta County. See O.C.G.A. §15-16-23; Board of Com'rs of Randolph County v. Wilson, 260 Ga. 482, 396 S.E.2d 903 (1990). Since Coweta County and the Coweta County Sheriff's Office are not closely related entities, Coweta County did not receive notice of the Charge. Therefore, Coweta County had no opportunity to make an investigation, participate in conciliation or to comply with the alleged ADA violations. These opportunities are the purpose of filing an EEOC charge of discrimination. See Virgo, 30 F.3d 1358

In this case, Plaintiff failed to file a charge of discrimination against Coweta County with the EEOC or name Coweta County in the Charge. As this is a fundamental requirement of bringing a civil lawsuit under the ADA, Plaintiff is now prohibited from naming Coweta County as a defendant in this action. Virgo, 30 F.3d 1350; see also Gordon, 301 F.Supp. 2d 1333; Williams, 2006 U.S. Dist. LEXIS 58887. Accordingly, Coweta County should be dismissed for Plaintiff's failure to complete the required prerequisites to filing a civil lawsuit under the ADA.

## III.   **<u>CONCLUSION</u>**

For the reasons set forth above, Defendants respectfully submit that Coweta County should be dismissed for Plaintiff's failure to file a charge of discrimination against it or to name it in the Charge.

Respectfully submitted this 23rd day of March, 2010.


GLOVER & DAVIS, P.A.


| | |
|---|---|
| 10 Brown Street | BY: <u>s/Nathan T. Lee</u> |
| P. O. Box 1038 |     Nathan T. Lee |
| Newnan, Georgia 30264 |     Georgia State Bar No. 443770 |
| (770) 683-6000 phone |     Clifton M. Sandlin |
| (770) 683-6010 fax |     Georgia State Bar No. 311246 |

h:\CowetaCo\JacksonFloyd\Pleadings\BriefReconsider.031810

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**NEWNAN DIVISION**

| | | |
|---|---|---|
| **FLOYD JACKSON,** | : | |
| | : | |
| **Plaintiff** | : | **CIVIL ACTION FILE** |
| | : | **NO. 3:09-CV-76-JTC** |
| **v.** | : | |
| | : | |
| **COWETA COUNTY GOVERNMENT,** | : | |
| **COWETA COUNTY'S SHERIFF'S** | : | |
| **OFFICE** | : | |
| | : | |
| **Defendant** | : | |

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on March 23, 2010, I electronically filed "**BRIEF IN SUPPORT OF MOTION FOR RECONSIDERATION**" with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the following attorneys of records:

Tameka A. West, Esq.
The West Legal Group, P.C.
2242 Mt. Zion Road
Jonesboro, Georgia 30236

This 23rd day of March, 2010.

GLOVER & DAVIS, P.A.

10 Brown Street                    BY: s/Nathan T. Lee
P. O. Box 1038                        Nathan T. Lee
Newnan, Georgia 30264          Georgia State Bar No. 443770
(770) 683-6000 phone            Clifton M. Sandlin
(770) 683-6010 fax               Georgia State Bar No. 311246