IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
NEWAN DIVISION

| | | |
|---|---|---|
| FLOYD JACKSON | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action File No. |
| | ) | 3:09-CV-76-JTC |
| | ) | |
| v. | ) | <u>Jury Trial Demanded</u> |
| | ) | |
| | ) | |
| COWETA COUNTY, GEORGIA, AND | ) | |
| MIKE YEAGER, IN HIS OFFICIAL | ) | |
| CAPACITY AS SHERIFF OF COWETA | ) | |
| COUNTY, GEORGIA | ) | |
| | ) | |
| Defendants. | ) | |

<u>**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS'**</u>
<u>**MOTION TO DISMISS**</u>

COMES NOW the Plaintiff, **FLOYD JACKSON** (hereinafter, the "Plaintiff"), in the above captioned civil action, and files this Response in Opposition to Defendants **COWETA COUNTY, GEORGIA and MIKE YEAGER, IN HIS OFFICIAL CAPACITY AS SHERIFF OF COWETA COUNTY, GEORGIA'S** Motion to Dismiss in which Defendants again seek a dismissal on grounds that Plaintiff failed to file a charge of discrimination against Coweta County, Georgia as a necessary prerequisite for filing a lawsuit under the Americans with Disabilities Act ("ADA"). However, Defendants' Motion to Dismiss should be denied based on the facts and relevant legal precedent applicable to this case.

1

## I.  STATEMENT OF FACTS

On or about March 21, 2008, Plaintiff filed pro se a charge of discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") prepared by the EEOC against Coweta County Sheriff's Office ("CCSO") alleging he was discriminated against based on his disability when CCSO, namely Major Bob Yeager and Sheriff Mike Yeager, denied his accommodation request to return to full duty and subsequently discharged him on March 17, 2008. (See Plaintiff's Charge of Discrimination attached hereto as Exhibit 1). Prior to filing his charge of discrimination, on or about March 21, 2008, Plaintiff completed and submitted an Intake Questionnaire[1] to the EEOC specifically naming his employer as "CCSO" and "Coweta County Commissioners" (hereinafter, "Coweta County"), as the organizations whom he believed discriminated against him based on his disability. (See Plaintiff's EEOC Intake Questionnaire attached hereto as Exhibit 3). On his Intake Questionnaire, Plaintiff specifically stated that he was discharged with CCSO and Coweta County Government for "probable liability." (See Exhibit 3). On or about April 3, 2008, the EEOC sent Notice of Plaintiff's charge

---

[1] Plaintiff's undersigned counsel obtained Plaintiff's intake questionnaire from the EEOC on or about September 28, 2009 pursuant to the Freedom of Information Act, 5 U.S.C. § 552, as amended. (See FOIA Response from EEOC attached hereto as Exhibit 2).

of Discrimination to Rick Watson, Personnel Director for Coweta County and CCSO. (See Notice of Charge of Discrimination from EEOC attached hereto as Exhibit 4).

On or about February 10, 2009, Plaintiff requested in writing a Notice of Right-to-Sue ("NRTS") from the U.S. Department of Justice ("DOJ") against his former employer, "CCSO" and "Coweta County." (See Plaintiff's Request for NRTS attached hereto as Exhibit 5). On or about April 13, 2009, Plaintiff received his NRTS from DOJ notifying Plaintiff of his right to file a lawsuit against "Coweta County Sheriff's Office, et al." within 90 days of receipt of the notice. (See Plaintiff's NRTS from DOJ and Confirmation Receipt attached hereto as Exhibit 6).

On July 2, 2009, Plaintiff timely filed a complaint for damages against Coweta County Government and CCSO alleging that he was unlawfully discharged in violation of Title I of the Americans with Disabilities Act of 1990, as amended (ADA), 42 U.S.C. § 12111 et seq. [Doc. 1]. On November 6, 2009, Coweta County and CCSO, through the same counsel, filed separate answers to Plaintiff's complaint for damages. [Docs. 6 and 7]. On December 11, 2009, Plaintiff filed a motion to amend his complaint for damages changing Defendants' names from Coweta County Government and CCSO to Coweta County, Georgia and Mike

Yeager, individually and in his official capacity as the Sheriff of Coweta County, Georgia. [Doc. 12]. In its response to Plaintiff's motion to amend, Defendants opposed naming the Sheriff's individually under the ADA, but Defendants did not object to Plaintiff naming Coweta County, Georgia as one of the real parties in interest, which was filed with the Court on December 23, 2009. [Doc. 14].

Approximately two (2) weeks later on January 5, 2010, Defendants filed its first motion to dismiss on the following grounds: (1) that both Coweta County and Sheriff Yeager should be dismissed due to lack of proper service; and (2) Coweta County should be dismissed due to Plaintiff's failure to file a charge of discrimination against Coweta County. [Doc. 15]. On February 2, 2010, Defendants also served Plaintiff with written discovery requests despite its pending motion to dismiss. [Doc. 18].

After both parties filed written responses to Plaintiff's motion to amend and Defendants' first motion to dismiss, on March 17, 2010, the Court granted Plaintiff's motion to amend in part with respect to Coweta County and Mike Yeager, in his official capacity as Sheriff of Coweta County, but denied leave to amend to individually name the Sheriff under the ADA. [Doc. 26]. In its March 17, 2010 order, the Court also denied as moot

Defendants' motion to dismiss stating Plaintiff's amended complaint would supersede his original complaint. [Doc. 26]. On March 23, 2010, Defendants then filed a motion for reconsideration with the Court arguing that Plaintiff's failure to file an EEOC charge of discrimination against Coweta County was not moot; and therefore Coweta County should be dismissed from this lawsuit. [Doc. 28]. On that same day, March 23, 2010, Plaintiff filed his amended complaint for damages against Coweta County and Mike Yeager, in his official capacity as Sheriff of Coweta County, Georgia, in accordance with the Court's March 17, 2010 order. [Doc. 29]. On March 30, 2010, before Plaintiff could respond to Defendants' motion for reconsideration, Defendants withdrew its motion for reconsideration. [Doc. 30].

Now, Defendants have filed this Motion to Dismiss Plaintiff's Amended Complaint on grounds that Plaintiff failed to file a charge of discrimination against Coweta County based on the same legal arguments it asserted in its first motion to dismiss and motion for reconsideration. [Doc. 31]. Although Defendants in its Brief in Support of this Motion to Dismiss stated that <u>both</u> Defendants, Coweta County and Sheriff Yeager, filed this Motion to Dismiss, Defendants only set forth a legal argument for dismissal against Coweta County. Therefore, the

Court should not consider this Motion to Dismiss with respect to Sheriff Yeager without sufficient legal authority to do so. Obviously, Defendants once again have disingenuously engaged in a preemptive strike to avoid addressing the merits of Plaintiff's claims by filing excessive motions with the Court, which has caused Plaintiff to incur unnecessary attorney's fees and costs and needlessly increased the cost of litigation.

## II.   ARGUMENT AND CITATION OF AUTHORITY

### A. Legal Standard For Motion to Dismiss

In accordance with Rule 12(b)(6) of the Federal Rules of Civil Procedure, a complaint is subject to dismissal for failure to "state a claim upon which relief can be granted."   When ruling on a motion to dismiss pursuant to Rule 12(b)(6), all factual allegations in the complaint must be accepted as true, with all reasonable inferences construed in the light most favorable to the plaintiff. Glover v. Liggett Group, Inc. 459 F.3d 1304, 1308 (11th Cir. 2006); Wagner v. Daewoo Heavy Industries America Corp., 289 F.3d 1268, 1270 (11th Cir. 2002); Beck v. Deloitte & Touche, 144 F.3d 732, 735 (11th Cir. 1998). Conclusory allegations and unwarranted deductions of facts; however, are not admitted as true. Cotton v. Massachusetts Mut. Life Ins. Co., 402 F.3d 1267, 1278 (11th Cir. 2005).

**B. Coweta County Should Not Be Dismissed as a Defendant in Plaintiff's Amended Complaint Based on Plaintiff's Alleged Failure to File a Charge of Discrimination Against Coweta County.**

In this Motion to Dismiss, Defendants argue that Coweta County should be dismissed from this lawsuit because Plaintiff failed to name Coweta County in his charge of discrimination as required 42 U.S.C. §2000e-5(e) and 42 U.S.C. §12117(a). In the case at bar, it is undisputed that Plaintiff timely filed his charge of discrimination against CCSO with the EEOC on March 21, 2008 after he was discharged on or about March 17, 2008.[2] Prior to the filing of his EEOC charge, Plaintiff completed and submitted an EEOC Intake Questionnaire to the EEOC on March 21, 2008, specifically naming both "CCSO and "Coweta County" as the organizations who he believed discriminated against him based on his disability. (See Exhibit 3). The EEOC deems a charge minimally sufficient when it receives from the charging party "a written statement sufficiently precise to identify the parties, and to describe generally the action or practices complained of." 29 C.F.R. § 1601.12(b) (2000). Here, Plaintiff urges the Court to find that his timely submitted EEOC Intake Questionnaire constituted a charge for purposes of the 180-day

_____

[2] For a charge to be timely in a non-deferral state such as Georgia, it must be filed within 180 days of the latest discriminatory act. See 42 U.S.C. §2000e-5(e)(1) (1994).

7

statute of limitations and the naming requirement with regard to Coweta County. See Wilkerson v. Grinnell Corp., 270 F.3d 1314 (11th Cir. 2001) (employee's intake questionnaire, which included the basic information suggested by the applicable regulations, satisfied the charge requirement of the statute of limitations). Although Defendants rely upon Brandon v. Lockheed Martin Aeronautical Sys., 393 F.Supp. 2d 1341 (11th Cir. 2007) in its Motion to Dismiss, the facts of this case can be distinguished since unlike the charging party in Brandon, Plaintiff's named both CCSO and Coweta County as a party on his EEOC Intake Questionnaire. Specifically, Plaintiff stated that he was "discharged with the Sheriff's office and County Government for probable liability" when asked to explain what action he believed was discriminatory. The circumstances of this case also show that Plaintiff's intent was to activate the administrative process against Coweta County and CCSO, including mediation and conciliation. Nevertheless, the EEOC erroneously prepared Plaintiff's charge of discrimination without including Coweta County as a charged party despite Plaintiff's responses on his EEOC Intake Questionnaire. Unfortunately, Plaintiff was not represented by counsel at this time; and thus he was deprived of the benefit of legal advice regarding the naming requirement. Clearly, Plaintiff's EEOC Intake Questionnaire

contained written statements sufficiently precise to identify the parties, and described generally the action complained of as provided in 29 C.F.R. § 1601.12(b). See Clark v. Butts, 2006 WL 3783566 (11th Cir. 2006) (intake questionnaire satisfied the charge requirement of the statute of limitations). Therefore, Plaintiff's EEOC Intake Questionnaire satisfies the naming requirement as a prerequisite for filing a civil suit against Coweta County.

In its Motion to Dismiss, Defendants also argue that the naming requirement serves to notify the charged party of the allegations and allows the party an opportunity to participate in conciliation. In support of its contentions, Defendants relies upon several cases, including Virgo v. Riviera Beach Associates, Ltd., 30 F.3d 1350, 1358 (11th Cir. 1994) (Virgo), where the Eleventh Circuit Court has held that "[o]rdinarily, a party not named in the EEOC charge cannot be sued in a subsequent action" unless the unnamed party was a closely related entity to the named party and had notice of the EEOC charge. However, Defendants' reliance upon Virgo is misplaced based on the facts of this case. In this case, it appears that Rick Watson who serves as Personnel Director for Coweta County received notice of Plaintiff's charge of discrimination from the EEOC on or about April 3, 2008 (See Exhibit 4). Based on these

facts, it can be reasonably inferred that Coweta County received actual or at least constructive notice of Plaintiff's charge of discrimination, which satisfied the purpose of filing a charge.

Even if the Court concludes that the EEOC failed to provide Coweta County with actual notice of Plaintiff's charge of discrimination, the EEOC assumes the burden of service once a sufficient charge is filed. See 29 C.F.R. § 1601.14(a) (2000). Moreover, the EEOC's inaction should not adversely affect Plaintiff's rights to sue Coweta County. See Forehand v. Florida State Hosp., 89 F.3d 1562, 1570-71 (11th Cir. 1996) ("[A]ny deficiency in the EEOC's performance of its duties should not adversely affect the Plaintiff's right to sue."). Additionally, Defendants have presented no evidence that Coweta County was prejudiced by its exclusion from the EEOC proceedings.

Further, Plaintiff specifically requested in writing from the DOJ a right to sue against both Coweta County Commissioners and CCSO. (See Exhibit 5). Therefore, Plaintiff filed his amended complaint against Coweta County and Sheriff Yeager as the real parties in interest with the legal capacity to be sued. See Arnett v. Board of Comm'rs of Decatur County, 75 Ga. 782 (1885) (all suits by or against a county shall be in the name of the county); Monell v. Dept. of Soc. Services of City of New

York, 436 U.S. 658, 690 (1978) (official capacity suits are generally an action against an entity of which an officer is an agent).

Although Defendants self-servingly contend in its Motion to Dismiss that Sheriff Yeager and Coweta County are not closely related entities, Defendants have presented no evidence to support such a conclusion. In its initial discovery responses to Plaintiff's discovery requests, Defendants produced documents which show that employees of CCSO are covered under the same health benefit plan and follow the same Personnel Management System as other employees of Coweta County. Secondly, Rick Watson, Personnel Manager for Coweta County, was listed as a witness in Defendants' initial disclosures and appears to have been involved in the discharge of Plaintiff. Thirdly, both Coweta County and Sheriff Yeager in this case are represented by the same counsel. Defendants cannot now argue that Coweta County and Sheriff Yeager are not closely related entities.

Plaintiff in this action seeks to hold Coweta County liable for the Sheriff's decision to unlawfully discharge him based on his disability in violation of the ADA. See Alexander v. Fulton County, 207 F.3d 1303 (11th Cir. 2000) (county liable for discriminatory actions of County Sheriff); Lucas v. O'Loughlin, 831 F.2d 232 (11th Cir. 1987) (Court found a Florida County

liable for the unlawful personnel decisions of the County Sheriff); and <u>Abusaid v. Hillsborough County Board of Commissioners</u>, 405 F.3d 1298 (11th Cir. 2005) (county held liable for judgment against a sheriff). Thus, Coweta County should not be dismissed as a Defendant in this lawsuit based on Plaintiff's alleged failure to file a charge of discrimination against it or name Coweta County in the charge. Alternatively, Sheriff Yeager should not be dismissed from this lawsuit as a Defendant since Defendants have presented no legal basis for the dismissal.

### III. CONCLUSION

In light of the foregoing reasons, Plaintiff respectfully urges the Court to deny Defendants' Motion to Dismiss.

Respectfully submitted,


<u>/s/ Tameka A. West</u>
Tameka A. West
Georgia Bar No. 748995
Attorney for Plaintiff

THE WEST LEGAL GROUP, P.C.
2242 Mount Zion Road
Jonesboro, GA 30236
Phone: (678) 216-0305
Facsimile: (678) 216-0306
E-mail: tamekawest@bellsouth.net

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## NEWAN DIVISION

FLOYD JACKSON                      )
                                   )
              Plaintiff,           )      Civil Action File No.
                                   )      3:09-CV-76-JTC
                                   )
v.                                 )      <u>Jury Trial Demanded</u>
                                   )
                                   )
COWETA COUNTY, GEORGIA, AND        )
MIKE YEAGER, IN HIS OFFICIAL       )
CAPACITY AS SHERIFF OF COWETA      )
COUNTY, GEORGIA                    )
                                   )
              Defendants.          )

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on April 12, 2010, I electronically filed **PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS** with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the following attorneys of record:

Nathan Thomas Lee, Esq.
nlee@gloverdavis.com
Clifton M. Sandlin
csandlin@gloverdavis.com
GLOVER & DAVIS, P.A.
10 Brown Street
P.O. Box 1038
Newnan, Georgia 30264

This 12th day of April, 2010.

Respectfully Submitted,


*s/ Tameka A. West*
Tameka A. West
Georgia Bar No. 748995
Attorney for Plaintiff
**THE WEST LEGAL GROUP, P.C.**
2242 Mt. Zion Road
Jonesboro, GA 30236
PH:  678-216-0305
Fax:  678-216-0306
Email:tamekawest@bellsouth.net

EXHIBIT 1

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form.

| Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|
| ☐ FEPA | |
| ☒ EEOC | **410-2008-02824** |
| | and EEOC |

State or local Agency, if any

| Name (indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| **Mrs. Floyd Jackson** | **(770) 251-7427** | **03-30-1963** |

| Street Address | City, State and ZIP Code |
|---|---|
| **P.O. Box 1152, Newnan, GA 30264** | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| **COWETA COUNTY SHERRIF'S OFFICE** | **201 - 500** | **(770) 253-2700** |

| Street Address | City, State and ZIP Code |
|---|---|
| **560 Greison Trail, Newnan, GA 30263** | |

RECEIVED

MAR 21 2008

EEOC-ATL

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code |
|---|---|
| | |

| DISCRIMINATION BASED ON (Check appropriate box(es).) | DATE(S) DISCRIMINATION TOOK PLACE |
|---|---|
| | Earliest / Latest |

☐ RACE   ☐ COLOR   ☐ SEX   ☐ RELIGION   ☐ NATIONAL ORIGIN

☐ RETALIATION   ☐ AGE   ☒ DISABILITY   ☐ OTHER (Specify below.)

| Earliest | Latest |
|---|---|
| **03-27-2007** | **03-17-2008** |

☐ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

I. I was hired by the above-named employer on March 1, 1989, as a Detention Officer. I was on medical leave from March 27, 2007 through August 31, 2007 due to my disability. I have been denied an accommodation to return to full duty. I was discharged on March 17, 2008.

II. Major Bob Yeager and Sheriff Mike Yeager stated that I was discharged because my employment would cause added liability to the sheriff's office.

III. I believe that I have been discriminated against because of my disability, in violation of Title I of the Americans with Disabilities Act of 1990, as amended.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. SIGNATURE OF COMPLAINANT |
| **Mar 21, 2008** _[signature]_ | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year) |
| Date          Charging Party Signature | |

EXHIBIT 2



## U.S. Equal Employment Opportunity Commission
### Atlanta District Office

100 Alabama Street, S.W.
Suite 4R30
Atlanta, GA 30303
(404) 562-6887
(404) 562-6801 TTY
(404) 562-6909 FAX

September 25, 2009



Tameka A. West
2242 Mt. Zion Road
Jonesboro, GA 30236

Re: FOIA No.: 4102009084507 Charge No.: 410-2008-02824
A9-12-FOIA-648
Floyd Jackson v. Coweta County Government

Dear Ms. West:

Your Freedom of Information Act (FOIA) request, received in this office on September 02, 2009 has been processed. Our search began on September 22, 2009. All agency records in creation as of September 22, 2009 are within the scope of the EEOC's search for responsive records. The paragraph(s) checked below apply:

[  ]    A portion of your request is neither granted nor denied because: [  ] Your request does not reasonably describe the records you wish disclosed or [  ] No records fitting the description of the records you seek disclosed exist or could be located after a thorough search. The remainder of your request is:

        [  ]    Granted

        [  ]    Denied pursuant to the subsections of the FOIA indicated at the end of this letter. An attachment to this letter explains the use of these exemptions in more detail.

        [ X ]    Granted in part and denied in part. Portions not released are being withheld pursuant to the subsections of the FOIA indicated at the end of this letter. An attachment to this letter explains the use of these exemptions in more detail.

[  ]    Your request is granted.

[  ]    Your request is denied pursuant to the subsections of the FOIA indicated at the end of this letter. An attachment to this letter explains the use of these exemptions in more detail.

[ X ]    Your request is granted in part and denied in part. Portions not released are being withheld pursuant to the subsections of the FOIA indicated at the end of this letter. An attachment to this letter explains the use of these exemptions in more detail.

[  ]    You must send a check for $[  ] made payable to the United States Treasurer by mail to the above address. Manual search and review time is billed per quarter hour based on the personnel category of the person conducting the search. Fees for search services range from $5.00 per quarter hour to $20.00 per quarter hour. Direct costs are billed for computer searches and in certain other circumstances. Photocopying is billed at $.15 per page. 29 C.F.R. §1610.15. The attached Comments page will further explain any direct costs assessed. The fee has been computed as follows:

RECEIVED
SEP 2 8 2009
THE WEST LEGAL GROUP P.C.

[ ]     Commercial use requests: [ ] pages of photocopying; [ ] quarter hour(s) of [ ]
        review time; and [ ] quarter hour(s) of [ ] search time; Direct costs are billed in
        the amount of [ ] for [ ].

[ ]     Requests by educational or noncommercial scientific institutions or
        representatives of the news media: [ ] pages of photocopying. The first 100
        pages are provided free of charge.

[ ]     All other requests: [ ] pages of photocopying and [ ] quarter hour(s) of [ ]
        search time. Direct costs are billed in the amount of [ ] for [ ]. The first 100
        pages and 2 hours of search time are provided free of charge.

[ X ]   The disclosed records are enclosed. No fee is charged because the cost of collecting and
        processing the chargeable fee equals or exceeds the amount of the fee. 29 C.F.R. § 1610.15(d).

[ ]     The disclosed records are enclosed. Photocopying and search fees have been waived pursuant
        to 29 C.F.R. § 1610.14.

[ X ]   You may appeal this decision by writing within thirty days of receipt of this letter to the Office of
        Legal Counsel, FOIA Programs, Equal Employment Opportunity Commission,
        131 M Street, N.E., Suite 5NW02E, Washington, D.C. 20507. Your appeal will be governed by
        29 C.F.R. § 1610.11.

[ ]     See attached Comments page for further information.

                                    Sincerely,

                                    *Bernice W. Kimbrough*

                                    _____
                                    Bernice Williams-Kimbrough
                                    Director
                                    Atlanta District Office

Applicable Sections of the Freedom of Information Act, 5 U.S.C. § 552(b):

[ ] (2)
[ ] (3)  (A)
         [ ] Section 706(b) of Title VII
         [ ] Section 709(e) of Title VII
         [ ] Section 107 of the ADA

[ ] (3)(B)
         [ ] 41 U.S.C. §253b(m) of the
         National Defense Authorization  Act
[ ] (4)
[ X ] (5)

[ ] (6)
[ ] (7)(A)
[ ] (7)(B)
[ ] (7)(C)
[ ] (7)(D)
         [ ] Other (see attached)

The fifth exemption to the Freedom of Information Act (FOIA), 5 U.S.C. § 552(b)(5) (1982), permits withholding documents that reflect the analyses and recommendations of EEOC personnel generated for the purpose of advising the agency of possible action. This exemption protects the agency's deliberative process, and allows nondisclosure of "inter-agency or intra-agency memorandums or letters which would not be available to a party other than an agency in litigation with the agency." 5 U.S.C. § 552(b)(5). The exemption covers internal communications that are deliberative in nature. National Labor Relations Board v. Sears, Roebuck & Co., 421 U.S. 132 (1975); Hinckley v. United States, 140 F.3d 277 (D.C. Cir. 1998); Mace v. EEOC, 37 F.Supp.2d 1144 (E.D. Mo. 1999). The purpose of the deliberative process privilege is to "allow agencies freely to explore alternative avenues of action and to engage in internal debates without fear of public scrutiny." Missouri ex. rel. Shorr v. United States Corps of Eng'rs., 147 F. 3d 708, 710 (8th Cir. 1998).

Records may be withheld under this exemption if they were prepared prior to an agency's decision, Wolfe v. Department of Health and Human Services, 839 F.2d 768, 775, 776 (D.C. Cir. 1988) (en banc), and for the purpose of assisting the agency decision maker. First Eastern Corp. v. Mainwaring, 21 F.3d 465,468 (D.C. Cir. 1994). See also, Greyson v. McKenna & Cuneo and EEOC, 879 F. Supp. 1065, 1068, 1069 (D. Colo. 1995). Records may also be withheld to the extent they reflect "selective facts" compiled by the agency to assist in the decision making process. A. Michael's Piano, Inc. v. Federal Trade Commission, 18 F.3d 138 (2d Cir. 1994). An agency may also withhold records to the extent that they contain factual information already obtained by a requester through prior disclosure. See Mapother, Nevas, et al. v. Dept of Justice, 3 F.3d 1533 (D.C. Cir. 1993).

DOCUMENTS WITHHELD PURSUANT TO THE FIFTH EXEMPTION TO THE FOIA:

Investigator's hand written work product on yellow line paper, 13 pages

ADA Questionnaire, 5 pages

Investigator's hand written work product on white paper

Mediation Response Document

Memorandum to District Director

Redacted Routing Sheet

Redacted Case Log

Redacted Charge Detail Inquiry

EXHIBIT 3



# EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
## INTAKE QUESTIONNAIRE

Please immediately complete the entire form and return it to the U.S. Equal Employment Opportunity Commission ("EEOC"). **REMEMBER**, a charge of employment discrimination must be filed within the time limits imposed by law, generally within 180 days or in some places 300 days of the alleged discrimination. Upon receipt, this form will be reviewed to determine EEOC coverage. **Answer all questions as completely as possible, and attach additional pages if needed to complete your response(s). If you do not know the answer to a question, answer by stating "not known." If a question is not applicable, write "n/a." Please print.**

**1.    Personal Information**
Last Name: _JACKSON_    First Name: _FLOYD_    MI: _____
Street or Mailing Address: _P.O. BOX 1152_    Apt Or Unit #: _____
City: _NEWNAN_    County: _COWETA_    State: _GA._    Zip: _30264-1152_
Phone Numbers: Home: (_770_) _251-7427_    Work: (____) _____
Cell: (_770_) _328-8394_    Email Address: _____
Date of Birth: _3-30-63_    Sex: Male _✓_ Female    Do You Have a Disability? Yes _☑_ No ☐

**Please answer each of the next three questions.** i. Are you Hispanic or Latino? Yes ☐ No _☑_
ii. What is your Race? Please choose all that apply. ☐ American Indian or Alaska Native    ☐ Asian
_☑_ Black or African American    ☐ Native Hawaiian or Other Pacific Islander    ☐ White
iii. What is your National Origin? _AMERICAN_

**Provide The Name Of A Person We Can Contact If We Are Unable To Reach You:**

Name: _THELM JACKSON_    Relationship: _MOTHER_
Address: _2 HAMPTON PLACE_    City: _NEWNAN_    State: _GA_, Zip Code: _30263_
Home Phone: (_678_) _423-6165_    Other Phone: (____) _____

**I believe that I was discriminated against by the following organization(s):  (Check those that apply)**

Employer _✓_    Union _____    Employment Agency _____    Other (Please Specify) _____

**2.    Organization Contact Information**
Organization #1 Name: _COWETA COUNTY SHERIFFS OFFICE_
Address: _560 GREISON TRAIL_    County: _COWETA_
City: _NEWNAN_    State: _GA_ Zip: _30263_    Phone: (_770_) _253-2700_
Type of Business: _PUBLIC SAFETY_    Job Location if different from Org. Address: _____
Human Resources Director or Owner Name: _RICK WATSON/SHERIFF YEAGER_    Phone: _770-254-2604_
Number of Employees in the Organization at All Locations: Please Check (√) One
Less Than 15 ☐    15 – 100 ☐    101 – 200 _☑_    201 – 500 ☐    More than 500 ☐

Organization #2 Name: _COWETA COUNTY COMMISSIONERS_
Address: _22 E. BROAD ST._    County: _COWETA_
City: _NEWNAN_    State: _GA._ Zip: _30263_    Phone: (____) _____

**Type of Business:** County Gov.    Job Location if not at Org. Address: _____

**Human Resources Director or Owner Name:** RICK WATSON    **Phone:** _____

**Number Of Employees In The Organization At All Locations:** please check (✓) one

Less Than 15 ❑    15 – 100 ❑    101 – 200 ❑✓    201 – 500 ❑    More than 500 ❑

3. **Your Employment Data** (Complete as many items as you can)

   Date Hired: 3-1-89    Job Title At Hire: DETENTION OFFICER

   Pay Rate When Hired: 17,700    Last or Current Pay Rate: $22. Hour

   Job Title at Time of Alleged Discrimination: DEPUTY SHERIFF

   Name and Title of Immediate Supervisor: LT. JIM HUTCHINS / MAJ. BOB YEAGER

   If Applicant, Date You Applied for Job _____ Job Title Applied For _____

4. **What is the reason (basis) for your claim of employment discrimination?**

   *FOR EXAMPLE, if you are over the age of 40 and feel you were treated worse than younger employees **or** you have other evidence of discrimination, you should check (✓) AGE. If you feel that you were treated worse than those not of your race **or** you have other evidence of discrimination, you should check (✓) RACE. If you feel the adverse treatment was due to multiple reasons, such as your sex, religion and national origin, you should check all three. If you complained about discrimination, participated in someone else's complaint or if you filed a charge of discrimination and a negative action was threatened or taken, you should check (✓) RETALIATION.*

   Race ❑    Sex ❑    Age ❑    Disability ❑✓    National Origin ❑    Color ❑    Religion ❑    Retaliation ❑    Pregnancy ❑
   Other reason (basis) for discrimination (Explain) I WAS SEPERATED BECAUSE OF "PROBABLE LIABILITY" FROM DEPRESSION, ANXIETY, AND POST TRAMATIC STRESS DISORDER.

5. **What happened to you that you believe was discriminatory?** <u>Include the date(s) of harm, action(s) and include the name(s) and title(s) of the persons who you believe discriminated against you.</u> (Example: 10/02/06 – Written Warning from Supervisor, Mr. John Soto)

   A) Date: 3-17-08    Action: DISCHARGED WITH THE SHERIFFS OFFICE AND COUNTY GOVERNMENT FOR "PROBABLE LIABILITY"

   Name and Title of Person(s) Responsible: MAJ BOB YEAGER / SHERIFF MIKE YEAGER

   B) Date: 3-17-08    Action: DISCHARGED

   _____

   Name and Title of Person(s) Responsible _____

   Describe any other actions you believe were discriminatory.
   FAILURE TO ACCOMODATE OTHER JOB

   _____

   _____

   _____

   _____

   _____

   _____

**(Attach additional pages if needed to complete your response.)**

6. **What reason(s) were given to you for the acts you consider discriminatory? By whom? Title?**

BEING FIRED ON THE BASIS THAT MY EMPLOYMENT WOULD CAUSE ADDED LIABILITY TO THE SHERIFFS OFFICE BECAUSE OF DEPRESSION AND P.T.S.D.

7. **Name and describe others who were in the same situation as you. Explain any similar or different treatment. Who was treated worse, who was treated better, and who was treated the same? Provide race, sex, age, national origin, religion, and/or disability status of comparator if known and if connected with your claim of discrimination. Add additional sheets if needed.**

| Full Name | Job Title | Description |
|---|---|---|
| 1. MARK FENNINGER | DEPUTY - SGT | HAD DEPRESSION EPISODE |
| 2. | | |
| 3. | | |

**Answer questions 8-10 only if you are claiming discrimination based on disability. If not, skip to question 11.**

8. **Please check all that apply:**
   - ☐ Yes, I have an actual disability
   - ☑ I have had an actual disability in the past
   - ☑ No disability but the organization treats me as if I am disabled

9. **If you are alleging discrimination because of your disability, <u>what is the name of your disability?</u> How does your disability affect your daily life or work activities, e.g., what does your disability prevent or limit you from doing, if anything? (Example: lifting, sleeping normally, breathing normally, pulling, walking, climbing, caring for yourself, working, etc.).**

DEPRESSION - NO LONGER AFFECTS DAILY ACTIVITIES. POST TRAMATIC STRESS DISORDER - HAD PROBLEMS WITH NIGHTMARES OF PAST CRIME SCENES AND AUTO ACCIDENTS, ALSO HAD NIGHTMARES OF BEING KILLED IN THE FORMER COURTROOM. ANXIETY DISORDER - I STILL SOMETIMES HAVE ANXIETY BECAUSE OF WORRYING ABOUT JOB SITUATION. DEGENERATIVE DISK DISEASE, I STILL HAVE SOME BACK PAIN BUT TOLERABLE.

10. **Did you ask your employer for any assistance or change in working condition because of your disability?**
   YES ☑ NO ☐

   **Did you need this assistance or change in working condition in order to do your job?**
   YES ☑ NO ☐
   If "YES", when? 2-9-08 _____ To whom did you make the request? Provide full name of person RICK WATSON / MRS. YEAGER How did you ask (verbally or in writing)? VERBALLY

   **Describe the assistance or change in working condition requested?**
   NONE

11. **Are there any witnesses to the alleged discriminatory incidents? If yes, please identify them below and indicate what they will say. Add additional pages if necessary.**

     NAME           JOB TITLE           ADDRESS & PHONE NUMBER

A. _____*N/A*_____

 

     NAME           JOB TITLE           ADDRESS & PHONE NUMBER

B. _____

 

     NAME           JOB TITLE           ADDRESS & PHONE NUMBER

C. _____

12. **Have you filed a charge previously in this matter with EEOC or another agency? YES ☐ NO ☑**

13. **If you have filed a complaint with another agency, provide name of agency and date of filing:**

_____*NONE*_____

14. **Have you sought help about this situation from a union, an attorney, or any other source?**
**YES ☐ NO ☑ - If yes, from whom and when? Provide name of organization, name of person you spoke with and date of contact. Results, if any?**

_____

_____

_____

_____          *3-21-08*_____

       **Signature**                          **Today's Date**

**If you have not heard from an EEOC office within 30 days of mailing this form, please call toll-free number shown on the letter accompanying this form. Provide the tracking number on the attached cover letter. Please make a copy of this form for your records before mailing.**

PRIVACY ACT STATEMENT: This form is covered by the Privacy Act of 1974: Public Law 93-579. Authority for requesting personal data and the uses thereof are:

1. FORM NUMBER/TITLE/DATE. EEOC Intake Questionnaire (10/2006).

2. AUTHORITY. 42 U.S.C. § 2000e-5(b), 29 U.S.C. § 211, 29 U.S.C. § 626. 42 U.S.C. 12117(a)

3. PRINCIPAL PURPOSE. The purpose of this questionnaire is to solicit information in an acceptable form consistent with statutory requirements to enable the Commission to act on matters within its jurisdiction. When this form constitutes the only timely written statement of allegations of employment discrimination, the Commission will, consistent with 29 CFR 1601.12(b) and 29 CFR 1626.8(b), consider it to be a sufficient charge of discrimination under the relevant statute(s).

4. ROUTINE USES. Information provided on this form will be used by Commission employees to determine the existence of facts relevant to a decision as to whether the Commission has jurisdiction over allegations of employment discrimination and to provide such charge filing counseling as is appropriate. Information provided on this form may be disclosed to other State, local and federal agencies as may be appropriate or necessary to carrying out the Commission's functions. Information may also be disclosed to respondents in connection with litigation.

5. WHETHER DISCLOSURE IS MANDATORY OR VOLUNTARY AND EFFECT ON INDIVIDUAL FOR NOT PROVIDING INFORMATION. The providing of this information is voluntary but the failure to do so may hamper the Commission's investigation of a charge of discrimination. It is not mandatory that this form be used to provide the requested information.

# 2/5/08 DRAFT SUPPLEMENTAL QUESTIONNAIRE

Name _FLOYD JACKSON_  Address _85 CORN CRIB Court NEWNAN, GA, 30264-/_

Please answer the following questions. We are gathering this information to help us better understand our customers and their needs. If you do not wish to provide this information, please check here_____. Your decisio whether to provide this information will not affect how EEOC treats your charge.

Are you Hispanic or Latino?  ☐ Yes  ☑ No

## Please check your race or races. Please check all that apply.

☐ American Indian or Alaska Native

☐ Asian

☑ Black or African American

☐ Native Hawaiian or Other Pacific Islander

☐ White

## Please check your National Origin. Please choose only one.

**African National Origins**

☐ Ethiopian

☐ Ghanaian

☐ Nigerian

☐ Other African National Origin

**American/Other National Origins**

☑ American (U.S.)

☐ Canadian

☐ Other National Origin

**Asian National Origins**

☐ Chinese

☐ Filipino

☐ Indian

☐ Japanese

☐ Korean

☐ Pakistani

☐ Vietnamese

☐ Other Asian National Origin

**Caribbean National Origins (if you are Hispanic or Latino, please see Hispanic/Latino category)**

☐ Haitian

☐ Jamaican

☐ Other Caribbean National Origin

**European National Origins**

☐ English

☐ German

☐ Irish

☐ Italian

☐ Other European National Origin

**Hispanic/Latino National Origins**

☐ Cuban

☐ Dominican

☐ Mexican

☐ Puerto Rican

☐ Salvadoran

☐ Other Hispanic/Latino National Origin

**Middle Eastern National Origins**

☐ Afghani

☐ Egyptian

☐ Iranian

☐ Iraqi

☐ Lebanese

☐ Syrian

☐ Other Middle Eastern National Origin

Thank you for taking the time to fill out this questionnaire.

EXHIBIT 4

## U.S. Equal Employment Opportunity Commission

| | PERSON FILING CHARGE |
|---|---|
| Mr. Rick Watson<br>**Human Resources Manager**<br>**Coweta County Sheriff's Department**<br>Newnan, GA 30263 | **Floyd Jackson** |
| | THIS PERSON *(check one or both)*<br>☐ Claims To Be Aggrieved<br>☐ Is Filing on Behalf of Other(s) |
| | EEOC CHARGE NO.<br>**410-2008-02824** |

## NOTICE OF CHARGE OF DISCRIMINATION
### *(See the enclosed for additional information)*

This is notice that a charge of employment discrimination has been filed against your organization under:

☐ Title VII of the Civil Rights Act          ☒ The Americans with Disabilities Act

☐ The Age Discrimination in Employment Act          ☐ The Equal Pay Act

The boxes checked below apply to our handling of this charge:

1. ☐ No action is required by you at this time.

2. ☐ Please call the EEOC Representative listed below concerning the further handling of this charge.

3. ☒ Please provide by **28-APR-08** a statement of your position on the issues covered by this charge, with copies of any supporting documentation to the EEOC Representative listed below. Your response will be placed in the file and considered as we investigate the charge. A prompt response to this request will make it easier to conclude our investigation.

4. ☐ Please respond fully by                    to the enclosed request for information and send your response to the EEOC Representative listed below. Your response will be placed in the file and considered as we investigate the charge. A prompt response to this request will make it easier to conclude our investigation.

5. ☒ EEOC has a Mediation program that gives parties an opportunity to resolve the issues of a charge without extensive investigation or expenditure of resources. If you would like to participate, please say so on the enclosed form and respond by **10-APR-08** to **Norma Barnes, ADR Coordinator, at (404) 562-6971**
If you DO NOT wish to try Mediation, you must respond to any request(s) made above by the date(s) specified there.

For further inquiry on this matter, please use the charge number shown above. Your position statement, your response to our request for information, or any inquiry you may have may be directed to:

| | |
|---|---|
| **Norma Barnes,**<br>**ADR Staff Mediator**<br>*EEOC Representative*<br>*Telephone* **(404) 562-6971** | **Atlanta District Office**<br>**100 Alabama Street, S.W.**<br>**Suite 4R30**<br>**Atlanta, GA 30303** |

Enclosure(s): ☒ Copy of Charge

CIRCUMSTANCES OF ALLEGED DISCRIMINATION

☐ RACE   ☐ COLOR   ☐ SEX   ☐ RELIGION   ☐ NATIONAL ORIGIN   ☐ AGE   ☒ DISABILITY   ☐ RETALIATION   ☐ OTHER

**See enclosed copy of charge of discrimination. (CORRECTED COPY)**

| Date | Name / Title of Authorized Official | Signature |
|---|---|---|
| April 3, 2008 | **Bernice Williams-Kimbrough,**<br>**District Director** | *Bernice W. Kimbrough* |

EXHIBIT 5

10-FEB-09
#410-2008-02824

Ms. KANU,

THIS LETTER IS TO REQUEST A RIGHT
TO SUE IN THE ABOVE CHARGE NUMBER AGAINST
MY FORMER EMPLOYER, THE COWETA COUNTY COMMISS-
IONERS / COWETA COUNTY SHERIFFS OFFICE, IF
THE U.S. JUSTICE DEPARTMENT CANNOT ASSIST
ON MY BEHALF. I DO NOT WISH FOR A DIS-
MMISAL OF THE CASE, ONLY A RIGHT TO SUE
LETTER. I PRAY TO BE RE-INSTATED AT MY
FORMER POSITION WITH MY FORMER EMPLOYER
TO CONTINUE TO SERVE THE SHERIFF AND THE
CITIZENS OF COWETA COUNTY. THANK YOU AND
YOUR AGENCY FOR ALL OF YOUR TIME AND HARD
WORK IN MY CASE, AND ANY OTHER HELP THAT
YOU CAN PROVIDE.

EXHIBIT 6



CERTIFIED MAIL
5057 8725

*950 Pennsylvania Avenue, N.W.*
*Karen Ferguson , EMP, PHB, Room 4239*
*Washington, DC 20530*

March 27, 2009

Mr. Floyd Jackson
P.O. Box 1152
Newnan, GA  30264

Re:  EEOC Charge Against Coweta County Sheriff's Office, et al.
     No. 410200802824

Dear Mr. Jackson:

    Because you filed the above charge with the Equal Employment
Opportunity Commission, and more than 180 days have elapsed since the date
the Commission assumed jurisdiction over the charge, and no suit based
thereon has been filed by this Department, and because you have
specifically requested this Notice, you are hereby notified that you have
the right to institute a civil action under Title I of the Americans with
Disabilities Act of 1990, 42 U.S.C. 12111, et seq., against the above-
named respondent.

    If you choose to commence a civil action, such suit must be filed in
the appropriate Court within 90 days of your receipt of this Notice.  If
you cannot afford or are unable to retain an attorney to represent you,
the Court may, at its discretion, assist you in obtaining an attorney.  If
you plan to ask the Court to help you find an attorney, you must make this
request of the Court in the form and manner it requires.  Your request to
the Court should be made well before the end of the time period mentioned
above.  A request for representation does not relieve you of the
obligation to file suit within this 90-day period.

    The investigative file pertaining to your case is located in the EEOC
Atlanta District Office, Atlanta, GA.

    This Notice should not be taken to mean that the Department of
Justice has made a judgment as to whether or not your case is meritorious.

                           Sincerely,

                           Loretta King
                    Acting Assistant Attorney General
                        Civil Rights Division

            by    *Karen J. Ferguson*

                    Karen L. Ferguson
                Supervisory Civil Rights Analyst
                 Employment Litigation Section

cc: Atlanta District Office, EEOC
    Coweta County Sheriff's Office, et al.


**UNITED STATES POSTAL SERVICE** ®

Home | Help | Sign In

Track & Confirm          FAQs

# Track & Confirm

## Search Results

Label/Receipt Number: **7003 0500 0002 5057 8725**
Status: **Delivered**

Your item was delivered at 5:01 pm on April 13, 2009 in NEWNAN, GA 30263. A proof of delivery record may be available through your local Post Office for a fee.

Additional information for this item is stored in files offline.

*Restore Offline Details >*  `?`    *Return to USPS.com Home >*

---

**Track & Confirm**

Enter Label/Receipt Number.

`Go >`

---

Site Map    Customer Service    Forms    Govt Services    Careers    Privacy Policy    Terms of Use    Business Customer Gateway

Copyright© 2009 USPS. All Rights Reserved.    No FEAR Act EEO Data    FOIA

U.S. Department of Justice

CIVIL RIGHTS DIVISION

Washington, D.C. 20530

Official Business
Penalty for Private Use $300

APR 06 2009

Hasler

$05.320

03/30/2009

Mailed From 20530
US POSTAGE

016H16601047

OFFICIAL MAIL
$300 Penalty
for Private Use

RETURN RECEIPT
REQUESTED

CERTIFIED MAIL

PLACE STICKER AT TOP OF ENVELOPE TO THE RIGHT
OF THE RETURN ADDRESS FOLD AT DOTTED LINE

8725

302643152 B012